IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLORA CORTEZ,

           Plaintiff,

vs.                                Case No. 06-1119-JTM

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

           Defendant.

MEMORANDUM AND ORDER

*I.  Factual Background:*

Plaintiff filed an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. § § 1381 *et. seq.* on June 2, 2003, alleging a disability onset of June 2, 2003.  Following a hearing on August 31, 2005, an administrative law judge (ALJ) found that plaintiff was not under a "disability" as defined in the Social Security Act.

Thereafter, on March 23, 2005, the Appeals Council of the Social Security Administration denied plaintiff's request for review.  Plaintiff appeals the decision of the Appeals Council.

In her application for benefits, plaintiff alleged disability from panic, anxiety, poor concentration, poor memory, and chronic illness.  In finding that plaintiff was not under a "disability," the ALJ specifically concluded at step two in the five-step analysis that plaintiff has

the severe impairments of a general anxiety disorder, depression, and asthma.  Based on plaintiff's asthma, the ALJ found that she would be limited to work performed at the medium exertion level.  Plaintiff does not dispute the findings with respect to her asthma and physical capabilities.  However, plaintiff disputes the administrative law judge's conclusion at step five that other jobs exist in significant numbers in the national economy that plaintiff could perform given the plaintiff's residual functional capacity (RFC).

Specifically, plaintiff argues that the hypothetical question posed to the vocational expert (VE) by the ALJ did not incorporate specific findings of moderate limitations in both social functioning and maintaining concentration, persistence, or pace.  Plaintiff argues that the hypothetical question did not constitute substantial evidence supporting his decision at step five. Additionally, plaintiff alleges that although the ALJ made specific findings regarding three broad areas of mental functioning, he did not include them as part of his RFC.  Although the ALJ did articulate a function-by-function assessment of plaintiff's physical limitations, plaintiff alleges that the ALJ did not include a specific RFC assessment for her mental work-related abilities.

For the following reasons, the court denies plaintiff's appeal.

## II.  Standard of Review:

Under the five-step sequential evaluation process (SEP) articulated at 20 C.F.R. §§ 404.1520 and 416.920, plaintiff has the initial burden of showing a severe medical impairment, and an inability to perform past relevant work. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).  After plaintiff establishes the existence of a severe medical impairment and an inability to perform past relevant work, the Commissioner must demonstrate that plaintiff retains the residual functional capacity (RFC) to do other work that exists in the national economy in

significant numbers.  *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984); 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f); and 42 U.S.C. § 423(d).

This court's review of the Commissioner's determination is limited.  *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992).  The responsibility of this court is to determine whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.  Reversal is appropriate if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards.  *Hamlin*, 365 F.3d at 1114.

### III.  Conclusions of Law:

Plaintiff specifically argues that the ALJ presented hypothetical questions to the vocational expert which imprecisely reflected her mental limitations in contravention of Tenth Circuit precedent, citing *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).  Plaintiff argues that although the ALJ concluded that plaintiff had mild or moderate limitations in the three areas of functioning, he failed to include the slight and moderate limitations assigned by Dr. Barnett to specific work tasks in his hypothetical question to the vocational expert.

With respect to plaintiff's mental capacity, the ALJ noted in determining plaintiff's RFC that "the claimant's mental disorder restricts her to simple repetitive unskilled work with minimal exposure to the general public. She must avoid work that is high stress or involves production goals, sales pressures, or quotas." Transcript, pg. 21 . The ALJ noted with respect to the finding in step 3: "The undersigned has provided the greatest weight to the opinion of Dr. Barrett, who completed an assessment reporting that the claimant has slight to moderate limitations in performing mental work functions." Transcript, pg. 26. At the administrative hearing, the ALJ asked the vocational expert to assume that an individual's mental impairments would limit her to simple, unskilled, repetitive work requiring minimal exposure to the general public. Additionally, the ALJ asked the vocational expert to consider that the individual was limited to employment that was not high stress and did not involve production goals or sales quotas. The vocational expert responded that the hypothetical individual could perform the jobs of cook/helper (852,890 jobs in the national economy), hand packager (901,890 jobs in the national economy), and marker (1,608,230 jobs in the national economy).

The hypothetical question posed to the vocational expert properly reflected plaintiff's mental limitations. Hypothetical questions must include a full description of a claimant's impairments in order for the testimony elicited by such questions to constitute substantial evidence to support the ALJ decision. *McKitrick v. Barnhart*, 364 F. Supp. 2d 1272, 1287-88 (D. Kan. 2005) (citing *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991)). In a recent case, the Tenth Circuit noted that the ALJ adequately accounted for the plaintiff's concentration, persistence, or pace difficulties by including within the hypothetical question "marked restrictions in the ability to understand, remember and carry out detailed instructions" and the

4

ability "to perform simple, but not complex tasks under routine supervision." *Swanson v. Barnhart*, No 06-4024, 2006 WL 2147557, at *3 (10th Cir. 2006).

Similarly, in this case, the ALJ adequately included instructions to the VE relating to plaintiff's mental restrictions.  The ALJ asked the VE to consider not only that plaintiff's work must be restricted to simple repetitive unskilled work, but also that plaintiff's work must be restricted to work with minimal exposure to the general public and work that is not high stress or involves production goals, sales pressures, or quotas.  The court finds that this hypothetical question properly reflected plaintiff's mental limitations in that it noted, at a minimum, plaintiff's work should be restricted to simple repetitive unskilled work.  However, in addition, the ALJ noted that, coupled with the simple repetitive unskilled work, plaintiff's work should be limited to minimal exposure to the general public and a low-stress work environment.  The court finds that this adequately reflects the RFC.

Plaintiff also argues that the ALJ did not include specific findings with respect to mental functioning as part of his RFC.  Under 20 C.F.R. § 416.920a(c)(3) and 20 C.F.R § 416.920a(c)(4), four broad functional areas in which mental functional limitations are rated include: plaintiff's activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.   When rating these functional limitations, the scale used includes: none, mild, moderate, marked, and extreme.  In the ALJ's findings for the RFC, he noted that he gave greatest weight to the opinion of Dr. Barrett, who concluded that the plaintiff had slight to moderate limitations in performing mental work functions.  Transcript, at pg. 26.  It is clear from the RFC that the ALJ adequately satisfied the required findings under the statute. Moreover, in concluding that the plaintiff's work restrictions should include simple repetitive

unskilled work with minimal exposure to the public which avoids high stress and production goals, sales pressures, or quotas, it is clear that the ALJ included the specific findings with respect to plaintiff's mental functioning.   For these reasons, the court denies plaintiff's appeal.

IT IS ACCORDINGLY ORDERED this 29th day of November, 2006, that plaintiff's appeal (Dkt. No. 7) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE